JAMES BEARD v. BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SEDGWICK.

No. 12,206. (65 Pac. 638.)

SYLLABUS BY THE COURT.

EIGHT-HOUR LAW—*Estopped from Claiming Extra Pay.* A laborer who contracts to work for a county at a stipulated sum per month, and does work for it during his employment in excess of eight hours per day, but renders accounts for the agreed compensation as a monthly salary, and receives payment as such, without any claim that it is other than full compensation, or other than a monthly salary, cannot thereafter claim an extra allowance for overtime, under chapter 114, Laws of 1891 (Gen. Stat. 1901, §§ 3827–3830), being an act constituting eight hours a day's work for the state, the counties, and other political and municipal divisions.

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed July 6, 1901. Division one. Affirmed.

*Bentley & Hatfield, Kos Harris,* and *O. G. Eckstein,* for plaintiff in error.

*S. B. Amidon,* county attorney, and *J. F. Conly,* for defendant in error.

Beard v. Sedgwick County.

The opinion of the court was delivered by

DOSTER, C. J.:  James Beard was employed by the county commissioners of Sedgwick county as a janitor of the court-house building at a salary of thirty dollars per month.   There does not appear to have been any order of employment at that salary entered upon the commissioners' records, or any contract in writing between the parties to that effect, but Beard admitted that he knew he was to receive a monthly compensation at the rate stated.   Thereafter and during his employment he rendered accounts against the county for the stipulated monthly compensation, and received payment in accordance with his demands.   At no time did he make any claim of employment for other than the stipulated monthly salary, or make any claim for compensation for services other than, or additional to, those which were covered by the stipulated monthly payments.   During the period of his employment he worked from ten to twelve hours per day, and at the close of his period of service for the county rendered against it an account for extra hours of labor, basing his claim upon the provisions of chapter 114, Laws of 1891 (Gen. Stat. 1901, §§3827–3830), being an act establishing eight hours as a day's work for laborers and other workmen employed by the state and its counties and other political and municipal divisions, and which act, according to the construction placed upon it by claimant, provides for payment for time in excess of eight hours per day, and upon the basis of eight hours as a day's work. The board of commissioners rejected Beard's claim, whereupon he brought an action against the county. Judgment went against him in the court below, to reverse which he prosecutes error to this court.

We need not undertake to construe the eight-hour law in its application to the claim Beard seeks to make. Admitted that the eight-hour law would have been applicable to his case, he waived his rights under it by demanding and receiving compensation upon a basis other than that upon which he now seeks to stand. As his employment proceeded, as his work was performed, he demanded and received compensation for his labor as though it were the only compensation to which he was, or would be, entitled, and that claim for compensation was made in pursuance of his original contract.   If he had not claimed and received pay on the theory of its being full compensation, or if he had not claimed at all until the close of his period of service, the question he now seeks to raise might have been properly in the case, and for aught we know he could have successfully invoked the provisions of the eight-hour law.   While section 2 of the act in question declares that contracts for the performance of public work shall be deemed and considered as made upon the basis of eight hours constituting a day's work, yet the effect of that section is not to annul contracts fully executed by the laborer and fully paid by the county, as agreed by the laborer, long after the work has been performed and payment received.

The judgment of the court below is affirmed.

JOHNSTON, GREENE, POLLOCK, JJ., concurring.